# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eldon Haught, Respondent Below,**
**Petitioner**

**FILED**

**January 17, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0177** (Ritchie County 04-D-8)

**Mary Haught, Petitioner Below,**
**Respondent**

### MEMORANDUM DECISION

Petitioner Husband, by counsel Michele Rusen and Richard Bush, appeals the Circuit Court of Ritchie County's order entered on January 18, 2013, which affirmed the family court's final order. Respondent Wife, by counsel Berkeley Simmons, filed a response, to which Petitioner Husband filed a reply. On appeal, Petitioner Husband alleges that the circuit court erred in affirming the family court's final decree of divorce that awarded Respondent Wife permanent spousal support.

As more fully explained herein, the Court is of the opinion that the circuit court erred in refusing Petitioner Husband's petition for appeal from the family court's final order. We find that the circuit court erred by failing to conduct a proper analysis before denying the petition for appeal, and that this case must be reversed and remanded for that purpose. Moreover, this case satisfies the "limited circumstances" provision of Rule 21(d) of the Rules of Appellate Procedure, making it appropriate for the Court to issue a memorandum decision rather than an opinion.

The parties were married on August 30, 1957. They separated in October of 2003, and Respondent Wife filed a petition for legal separation several months later on January 16, 2004. The case remained active in family court for several years until a final order granting divorce and other relief was entered on March 26, 2007. In December of 2008, Petitioner Husband filed a petition for appeal from the family court's final order challenging the award of permanent spousal support and the denial of his motion for reconsideration of permanent spousal support. By order entered on June 1, 2011, the circuit court denied Petitioner Husband's appeal from the family court final order on the ground that the appeal was untimely filed. Thereafter, Petitioner Husband filed a notice of appeal with this Court. By order entered on October 25, 2012, this Court held that Petitioner Husband's petition for appeal was timely filed and remanded this case for consideration by the circuit court. *Eldon J.H. v. Mary J.H.*, No. 11-1134 (W.Va. Supreme Court, October 25, 2012)(memorandum decision).

Following remand, the circuit court refused Petitioner Husband's appeal challenging the award of permanent spousal support by order entered on January 18, 2013. It is from this order that Petitioner Husband appeals.

1

This Court has stated that:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, Petitioner Husband argues that the family court failed to consider, note, discuss, or analyze the income generated by the assets awarded to Respondent Wife as well as the loss of income to Petitioner Husband, in violation of West Virginia Code § 48-6-301(b)(5) and *Banker v. Banker,* 196 W.Va. 535, 474 S.E.2d 465 (1996).[1] He argues that the award of permanent spousal support allows Respondent Wife to "double-dip." Additionally, Petitioner Husband argues that the family court's finding that he did not object to an award of spousal support or to the amount of support is erroneous and that he cannot waive his right to this objection pursuant to *Skidmore v. Skidmore*, 225 W.Va. 235, 241, 691 S.E.2d 830, 836 (2010).

A review of the family court's final order simply states that "based on the factors as set forth in West Virginia Code § 48-6-301 . . . the [Respondent Wife] should be awarded spousal support from [Petitioner Husband] until the death of [Respondent Wife], the remarriage of [Respondent Wife] or the death of [Petitioner Husband]." Likewise, the circuit court held that the Family Court judge "considered the appropriate statutory factors" and did not "abuse her discretion." In reviewing the circuit court and family court's final orders, and in consideration of the applicable standard of review, the Court finds that the lower courts failed to appropriately analyze and apply the necessary factors. "The statute requires more than assumption, it commands analysis and then application." *Banker v. Banker*, 196 W.Va. 535, 549, 474 S.E.2d 465, 479 (1996). "[I]t is not necessary to make specific findings as to each statutory factor recited but only those applicable and appropriate to the case." *Burnside v. Burnside*, 194 W.Va. 263, 275 n.30, 460 S.E.2d. 264, 276 n.30 (1995).

Therefore, we reverse the circuit court's January 18, 2013, order denying Petitioner Husband's appeal, and we remand the case back to the circuit court for a specific factual analysis. The analysis shall address the present employment income and other recurring earnings of each party; the income-earning abilities of each of the parties; the distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of article seven of this chapter, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support; the tax consequences to each party; and any other relevant factors. *See. W.Va. Code* § 48-6-301(b).

We express no opinion as to the merits of the arguments in this case.

---

[1] Incidental to the equitable distribution of the marital assets and debts, Respondent Wife was awarded a one-half interest in multiple income-producing oil and gas interests and certain stocks.

2

Reversed and Remanded.

**ISSUED:** January 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3